# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### WESTERN DIVISION

FILED JUN 11 2010
DENNIS P. IAVARONE, CLERK
US DISTRICT COURT, EDNC
BY ___ DEP CLK

Lawrence James

V.

United States
Environmental Protection Agency

5:10-CV-240-BO

No.
Complaint

# COMPLAINT

**Plaintiff resides at:**

5508 Crossfield Dr
Raleigh NC 27613

**Defendant(s)name(s) and address(es), if known:**

Environmental Protection Agency
Office of Inspector General
1200 Pennsylvania Avenue, N.W. (2410T)
Washington, DC 20460

**Jurisdiction in this court is based on:**

5 U.S.C. 552(a)4(B) the residence of the Plaintiff.

**The acts complained of in this suit concern:**

It is the contention of the plaintiff that the defendant has misused the Freedom of Information Act, FOIA, exception (b)(7)(A), that allows agencies to withhold records when the release may interfere with enforcement proceedings, to avoid releasing the records requested by the plaintiff. The plaintiff further contends that the defendant's refusal to release the requested records is an abuse of discretion and subject to judicial review under the Administrative Procedures Act.

The initial FOIA request and subsequent FOIA appeal by the plaintiff was for the defendant's Inspector General report on the events surrounding the improper behavior of an EPA employee and 5 IBM employees during a contract solicitation by the plaintiff. This incident that involves the records requested by the plaintiff occurred in or around late 2007 and early 2008. No charges were ever filed against any EPA employee. All charges against the IBM employees were dropped. The defendant claims that there are still potential future administrative proceedings that allow the plaintiff to deny the FOIA request under exception (b)(7)(A). It is the plaintiff's contention that this is an abuse of discretion to avoid further embarrassment to the defendant. There has been no further new information on the incident. And no reasonable likelihood that additional information may be uncovered. If the defendant desires to proceed with an administrative action then the defendant has no defensible reason not to have already proceeded.

It is further the plaintiff's contention that this requested report identifies a culture of tolerance for illegal action(s) by an EPA employee. And that it is in the best interest of the citizens of the United States to make public the details of the illegal action(s) that occurred in the EPA and the subsequent lax handling of this incident by the EPA. On his first full day in office, President Obama called for federal executive departments and agencies to administer the FOIA so as to achieve an unprecedented level of openness and transparency in the work of the Executive Branch, stating that agencies should administer the FOIA with "a clear presumption: in the face of doubt, openness prevails." The President directed agencies not to withhold information "merely because public officials might be embarrassed by disclosure, because errors and failures might be revealed, or because of speculative or abstract fears." Also "an agency should not withhold records merely because it can demonstrate, as a technical matter, that the records fall within the scope of a FOIA exemption"

**I seek the following relief:**

The plaintiff asks the court to direct the defendant to release the records originally requested by the plaintiff under the Freedom of Information Act.

The plaintiff asks the courts to find the denial of the FOIA request and appeal by the plaintiff as arbitrary and capricious.

The plaintiff also asks the court to direct the defendant to reimburse the court costs incurred by the plaintiff for this complaint.

**Date Signature of Plaintiff**

6/11/10

**Address and Telephone Number of Plaintiff**

Lawrence James
5508 Crossfield Dr
Raleigh NC 27613
(919)622-4247